United States District Court

Eastern District of California

James Hines,

      Plaintiff,

vs.

Nuckle, et al.,

      Defendants.

No. Civ. S 03-2385 GEB PAN P

Findings and Recommendations

-oOo-

Plaintiff is a state prisoner without counsel prosecuting a civil rights action. Plaintiff claims defendants violated his Eighth Amendment rights in July of 2001, when they failed to protect him from being attacked by his cell-mate and failed to provide medical care for some of the injuries he sustained in the attack.

Presently before court is plaintiff's April 26, 2005, motion for summary judgment, which defendants opposed August 30, 2005.

///

<u>Governing Legal Standard</u>

A party may move, without or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242 (1986). A fact is "material" if it affects the right to recover under applicable substantive law. <u>Id</u>. The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. <u>Id</u>. at 323. If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden. To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the

1  opponent must "go beyond the pleadings and by her own affidavits,
2  or by the "'depositions, answers to interrogatories, and
3  admissions on file,' designate 'specific facts showing that there
4  is a genuine issue for trial.'"  Id. at 324.  The opponent's
5  affirmative evidence must be sufficiently probative that a jury
6  reasonably could decide the issue in favor of the opponent.
7  Matsushita Electric Industrial Co., Inc. v. Zenith Radio
8  Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged
9  is implausible, stronger evidence than otherwise required must be
10 presented to defeat summary judgment.  Id. at 587.
11       Fed. R. Civ. P. 56(e) provides that "supporting and opposing
12 affidavits shall be made on personal knowledge, shall set forth
13 such facts as would be admissible in evidence, and shall show
14 affirmatively that the affiant is competent to testify to the
15 matters stated therein."  Nevertheless, the Supreme Court has
16 held that the opponent need not produce evidence in a form that
17 would be admissible at trial in order to avoid summary judgment.
18 Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether
19 the evidence could be submitted in admissible form and (2) "if
20 reduced to admissible evidence" would it be sufficient to carry
21 the party's burden at trial.  Id. at 327.  Thus, in Fraser v.
22 Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing
23 party's reliance upon her diary upon the ground it was hearsay
24 was overruled because the party could testify to all the relevant
25 portions from personal knowledge or read it into evidence as
26 recorded recollection.

1     A verified complaint based on personal knowledge setting
2 forth specific facts admissible in evidence is treated as an
3 affidavit. <u>Schroeder v. McDonald</u>, 55 F.3d 454 (9th Cir. 1995);
4 <u>McElyea v. Babbitt</u>, 833 F.2d 196 (9th Cir. 1987). A verified
5 motion based on personal knowledge in opposition to a summary
6 judgment motion setting forth facts that would be admissible in
7 evidence also functions as an affidavit. <u>Johnson v. Meltzer</u>, 134
8 F.3d 1393 (9th Cir. 1998); <u>Jones v. Blanas</u>, 393 F.3d 918 (9th
9 Cir. 2004).

10     Defects in opposing affidavits may be waived if no motion to
11 strike or other objection is made. <u>Scharf v. United States</u>
12 <u>Attorney General,</u> 597 F.2d 1240 (9th Cir. 1979) (incompetent
13 medical evidence).

14 <u>Application</u>

15     The Eighth Amendment prohibits prison officials from
16 deliberate indifference to a substantial risk of serious harm to
17 a prisoner. <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). "Deliberate
18 indifference" is a state of mind more blameworthy than mere
19 negligence. <u>Whitley v. Albers</u>, 475 U.S. 312 (1986). The
20 defendant must know of but disregard an excessive risk of harm;
21 he must know the facts from which the inference of harm should be
22 drawn and also draw the inference. <u>Id.</u> Failure to abate a risk
23 that should have been perceived but was not does not violate the
24 Eighth Amendment. <u>Id.</u>

25     Plaintiff fails to establish he is entitled to summary
26 judgment on claims some defendants failed to protect him from

attack by his cellmate. He declares defendants Tutor, Roberts, Nuckle and Gale knew, before plaintiff's cell-mate attacked him, that plaintiff faced a substantial risk of serious harm, but disregarded the risk. Defendants controvert plaintiff's declaration in opposing summary judgment. Disputed material facts preclude summary judgment for plaintiff.

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment . . ." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991). A violation of the Eighth Amendment occurs when prison officials deliberately are indifferent to a prisoner's medical needs. Id. The threshold for a medical claim under the Eighth Amendment is extremely high:

> A prison official acts with "deliberate indifference . . . only if [he] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. McGuckin, 974 F.2d at 1059 (alteration and citation omitted).

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (footnote omitted).

5

1    "Deliberate indifference to medical needs may be shown by
2 circumstantial evidence when the facts are sufficient to
3 demonstrate that a defendant actually knew of a risk of harm."
4 Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003)
5 (citations omitted); see also Gibson, 290 F.3d at 1197
6 (acknowledging a plaintiff may demonstrate that officers "must
7 have known" of a risk of harm by showing the medical need was
8 obvious and extreme).  Delay in medical treatment can amount to
9 deliberate indifference if (1) the delay seriously affected the
10 medical condition for which plaintiff was seeking treatment, and
11 (2) defendants were aware the delay would cause serious harm.
12 Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d
13 404, 408 (9th Cir. 1985).
14    Plaintiff provides no evidence, in seeking summary judgment,
15 that his medical needs posed a substantial risk of serious harm,
16 and defendants knew of yet disregarded that risk.  Plaintiff
17 declares some of the defendants refused to permit medical staff
18 to treat some of his injuries, but he offers no evidence any of
19 the injuries were serious and required care to avoid the risk of
20 harm.
21    Accordingly, the court hereby recommends plaintiff's April
22 26, 2005, motion for summary judgment be denied.
23    Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
24 findings and recommendations are submitted to the United States
25 District Judge assigned to this case.  Written objections may be
26 filed within 20 days of service of these findings and

1  recommendations.  The document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  The district
3  judge may accept, reject, or modify these findings and
4  recommendations in whole or in part.
5     Dated:  February 7, 2006.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge