1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES HINES,

11        Plaintiff,              No. CIV S-03-2385 GEB PAN P

12      vs.

13   NUCKLE, et al.,

14        Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  On January 13, 2006, the discovery deadline was extended to April 1, 2006.

18   On February 16, 2006, plaintiff filed a motion to compel discovery.  Defendants have filed an

19   opposition.

20        Plaintiff seeks an order compelling defendants to provide further responses to his

21   first and second requests for production.  The court will address the disputed requests seriatim.

22   I.  <u>Plaintiff's First Request for Production of Documents</u>

23        A.  Request No. 1:  Produce the complete central file containing complete prison

24   records of plaintiff.  Defendants objected that plaintiff's entire central file was not relevant.

25   Defendants, however, provided the documents they believed were relevant.  In his motion to

26   compel, plaintiff contends defendants are required to provide him with a copy of his complete

1

1  central file.  However, plaintiff is mistaken.  Plaintiff is entitled to access his central file.  By

2  following institutional procedure, plaintiff may gain access to his central file and also obtain

3  copies of documents plaintiff believes pertinent herein.  Plaintiff has not stated that he has not

4  been allowed to view his central file.  Accordingly, plaintiff's motion to compel further response

5  to this request will be denied.

6          B.   Request No. 4:  Produce all interdepartmental memos regarding cell moves

7  between inmates.  Defendants objected to this request on the grounds that the question was

8  vague, ambiguous and overbroad both to scope and time.  However, defendants state they

9  produced a copy of the relevant procedure regarding inmate celling.  In his motion, plaintiff fails

10 to describe how the document produced fails to meet his needs or how any additional memos

11 were required to prove his case.  The court finds defendants' objections well taken and will deny

12 plaintiff's motion to compel further responses to Request No. 4.

13          C.   Request No. 5:  Produce all rules and regulations and policy directives of the

14 California Department of Corrections and the institutional operational plans and procedures of

15 non confidential nature of High Desert State Prison.  Defendants again objected on vague,

16 ambiguous and overbroad grounds and that the request is overly burdensome.  Defendants also

17 objected that this request failed to identify a specific subject matter.

18          In his motion, plaintiff did not clarify this request but stated that "this request is

19 critical in establishing plaintiff's case.  That the defendants are and were aware of thus said

20 policy on the dates aforementioned in this case."  (Motion at 2.)

21          Defendants' objections to Request No. 5 are well taken and plaintiff's motion to

22 compel further responses will be denied.

23          D.   Request No. 6:  Produce all information regarding the procedures of

24 /////

25 /////

26 /////

1  documenting and assessing critical case information regarding members of prison gangs.[1]

2  Defendants objected to this request on grounds that the question was vague and ambiguous and

3  that gang-related documents are not relevant to the issues herein.  Defendants' objection that the

4  question was vague and ambiguous is well taken.  However, plaintiff's complaint contains an

5  allegation that plaintiff's cell-mate "threatened to have his gangmember friends to kill plaintiff."

6  (Complaint at 4, ¶  18.)  Thus, defendants' objection that gang-related documents are not relevant

7  is overruled.  If plaintiff's cell-mate was a documented member of a gang, certain gang-related

8  documents may be relevant herein.  Plaintiff's motion to compel further response to Request No.

9  6, as presently written, will be denied.

10  II.  Plaintiff's Second Request for Production of Documents

11             On November 2, 2005 plaintiff served his second request for production of

12  documents on defendants.  Under the July 20, 2005 scheduling order, all discovery was to be

13  completed and any motion necessary to resolve any disputes decided by November 18, 2005.

14  Thus, plaintiff second request for production of documents was untimely.[2]

15             By order filed January 13, 2006, the discovery deadline was extended to April 1,

16  2006.  This order rendered plaintiff's second request timely, but allowed defendants forty-five

17  days to respond, or until February 27, 2006.  The instant motion to compel was filed February 16,

18  2006.  Defendants state they timely responded to the second request on February 27, 2006.  Thus,

19  plaintiff's motion to compel further responses to the second set of requests for production was

20  premature and will be denied.

21  /////

22  /////

23  /////

24  _____

25  [1] Defendants did not address this request in their opposition.  It appears plaintiff rephrased this question in his second request for production which this court addresses, supra.

26  [2] In addition, the March 5, 2005 discovery order granted the parties 45 days in which to respond.  Plaintiff's second request therefore did not provide sufficient time for defendants to respond.

1      IT IS HEREBY ORDERED that plaintiff's February 16, 2006 motion to compel

2  further responses to discovery is denied.

3  DATED:  March 16, 2006.

4

5                                              _____
                                               UNITED STATES MAGISTRATE JUDGE
6

7

8

9  001; hine2385.mtc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26