IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES HINES,

    Plaintiff,                    No. CIV S-03-2385 GEB PAN P

    vs.

NUCKLE, et al.,

    Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 28, 2006, plaintiff filed a motion for leave to file an amended complaint together with a proposed pleading. Defendants have not filed an opposition.

        A party may amend a pleading once as a matter of course any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Defendants filed an answer on February 28, 2005.

        Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. <u>Loehr</u>, 743 F.2d at 1319; <u>Howey</u>, 481 F.2d at 1190. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. <u>Webb</u>, 655 F.2d at 980; <u>Hurn v. Retirement Fund Trust of Plumbing</u>, 648 F.2d 1252, 1254 (9th Cir.1981).

1

1  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-86 (9th Cir. 1987).

2        Plaintiff contends he needs to amend his complaint because his excessive force
3  claim should have been pled as a Fourth Amendment violation rather than an Eighth Amendment
4  violation as originally pled in his November 17, 2003 complaint. However, plaintiff is mistaken.
5  His excessive force claim is properly brought under the Eighth Amendment.[1] Accordingly, no
6  amendment is required and plaintiff's motion to amend will be denied.

7        On May 8, 2006, plaintiff filed a notice of change of address, which was signed on
8  April 29, 2006. Good cause appearing, the April 27, 2006 findings and recommendations issued
9  for plaintiff's failure to keep the court apprised of his current address will be vacated.

10       Plaintiff also filed a request for continuance to finish the discovery phase of the
11 instant action. In his request for continuance, plaintiff alleges he was transferred on April 5,
12 2006 to Corcoran State Prison, and a prison official told him it would take six weeks until
13 plaintiff's legal materials are returned to him. It is unclear from plaintiff's request whether he
14 had begun preparing the written questions for direct examination of inmate witnesses Tucker and
15 Wilson before his transfer. (See March 17, 2006 order at 3.) Plaintiff had been given thirty days
16 from the March 17 order in which to do so. That order also extended the discovery deadline to
17 September 1, 2006.

18       Plaintiff will be granted until June 26, 2006 in which to submit his proposed
19 written questions pursuant to the March 17 order. This grants plaintiff an additional two weeks
20 to submit his questions, since he had about two weeks prior to his transfer to begin work on his

---

[1] "'[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)); see also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. In order to prevail on any claim of cruel and unusual punishment, a plaintiff must show that, objectively, he suffered a sufficiently serious deprivation and that, subjectively, the defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

questions.  However, if plaintiff has not received his legal materials by June 5, 2006, he should again seek court intervention and counsel for defendants will be called upon to assist plaintiff in obtaining his legal materials.

      At present, if both plaintiff and defendants are diligent, it should not be necessary to extend the discovery deadline further.  To the extent that plaintiff sought extension of the discovery deadline, that request is denied without prejudice.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  Plaintiff's March 28, 2006 motion for leave to file an amended complaint is denied.

      2.  The April 27, 2006 findings and recommendations are vacated.

      3.  Plaintiff's May 8, 2006 motion for continuance is partially granted.

      4.  Plaintiff is granted until June 26, 2006 in which to submit his proposed written questions pursuant to the March 17 order.

DATED:  May 23, 2006.

UNITED STATES MAGISTRATE JUDGE

---

[1] hine2385.mta